UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JONATHAN TARHARKA,

                          Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, INSPECTOR PHILLIP
BANKS, DETECTIVE LUIS LOPEZ, DETECTIVE
MARIBEL ROMAN, JOHN DOE #1-4

                          Defendants.
------------------------------------------------------------x

JUDGE DANIELS

07 CV 740

COMPLAINT AND
JURY DEMAND

ECF CASE



RECEIVED
JAN 31 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from a May 16, 2005 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, <u>inter alia</u>, false arrest, excessive force, false imprisonment and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. The Commissioner is sued in his individual and official capacities.

10. Inspector Phillip Banks ("the Inspector") at all times here relevant was the Commanding Officer of the 79th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Inspector Banks is sued in his individual and official capacities.

11. All other individual defendants are, and at all times here relevant were, members of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City

2

and State of New York.

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On May 16, 2005 at approximately 1:45 P.M. plaintiff was in the vicinity of Gates and Bedford Avenues in Brooklyn when he was approached by police officers. The officers assaulted plaintiff causing physical injury.

15. He was searched by the defendant police officers without reasonable suspicion, probable cause, or any reasonable belief that the officers were in danger or that crime had been committed.

16. The defendant officers then arrested plaintiff without probable cause.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his

3

person;

  b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

  c. Physical pain and suffering, requiring the expenditure of money for treatment;

  d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, and extreme inconvenience;

  e. Loss of liberty.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

20. All preceding paragraphs are here incorporated by reference.

21. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

22. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

23. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand ($500,000.00) dollars.

## SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

24. All preceding paragraphs are here incorporated by reference.

25. The City, the Commissioner and the Inspector are liable for the damages suffered

4

by plaintiff as a result of the conduct of their employees, agents, and servants.

26. The City, the Commissioner and the Inspector knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

27. The aforesaid event was not an isolated incident. The City, the Commissioner and the Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause. The City, Commissioner and the Inspector are further aware, from the same sources, that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Commissioner and the Inspector fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers, or their supervisors, of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, the City, Commissioner and the Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiff's civil rights without fear of reprisal.

28. The City, the Commissioner and the Inspector knew or should have known that

the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case.

29. The City, Commissioner and the Inspector have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

30. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, the Inspector and the Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

31. Defendants City of New York, the Commissioner, and the Inspector have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

32. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner and the Deputy Inspector in the amount of Five Hundred Thousand ($500,000.00) dollars.

### THIRD CAUSE OF ACTION
(CONSTITUTIONAL TORT)

33. All preceding paragraphs are here incorporated by reference.

34. Defendants, acting under color of law, violated plaintiff's right to be free of unreasonable searches and seizures pursuant to §§6 and 12 of the New York State Constitution.

35. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

6

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in the amount of Five Hundred Thousand ($500,000.00) dollars for each of plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) dollars for each of plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         January 23, 2007

TO:  The City of New York
     Office of the Corporation Counsel
     100 Church Street, 4th floor
     New York, NY 10007

     **Police Commissioner Raymond W. Kelly**
     1 Police Plaza, Room 1406
     New York, NY 10006

     Inspector Phillip Banks
     Patrol Bureau Brooklyn South
     2820 Synder Ave.
     Brooklyn, NY 11226

     Detective Luis Lopez
     Brooklyn North Narcotics
     745 64th Street
     Brooklyn NY 11220

Yours, etc.,

NICOLE BELLINA, ESQ.
Bar #NB7154
**Attorney for Plaintiff**
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
nicole_bellina@yahoo.com

Detective Maribel Roman
Brooklyn South Special Victims
653 Grand Ave.
Brooklyn, NY 11238